

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

**ALI BAKHTIARI**
*PLAINTIFF*

V.

**WENDY DOE**
*INDIVIDUAL DEFENDANT*
SERVE:
121 W Ogden Ave,
Westmont, IL 60559
Ph. (630) 395-9698

**CASSEY ROE**
*INDIVIDUAL DEFENDANT*
SERVE:
121 W Ogden Ave,
Westmont, IL 60559
Ph. (630) 395-9698

**RISHAD RAJABALI**
*INDIVIDUAL DEFENDANT*
SERVE:
4641 LILAC AVE
GLENVIEW, IL 60025

**NILLS H. OKESON**
*INDIVIDUAL DEFENDANT*
SERVE:
General Counsel's Office
Inspire Brands, Inc.
Three Glenlake Parkway, NE
Atlanta, GA 30328

**KATIE JOHNSON**
*INDIVIDUAL DEFENDANT*
SERVE:
General Counsel's Office
Inspire Brands, Inc.
Three Glenlake Parkway, NE
Atlanta, GA 30328

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**FILED**

MAY 06 2022

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

CAUSE NO.:_____
**JURY TRIAL DEMANDED**

1:22-cv-02406
Judge Sara L. Ellis
Magistrate Judge Jeffrey Cummings
RANDOM

**BRIDGET PETERSON** )
*INDIVIDUAL DEFENDANT* )
SERVE: )
General Counsel's Office )
Inspire Brands, Inc. )
Three Glenlake Parkway, NE )
Atlanta, GA 30328 )

**CAUSE NO.:**_____
**JURY TRIAL DEMANDED**

**THE RAJABALI GROUP, INC.** )
*CORPORATE DEFENDANT* )
SERVE: )
4641 LILAC AVE )
GLENVIEW, IL 60025 )

**WESTMONT DONUT, INC.** )
*CORPORATE DEFENDANT* )
SERVE: )
4641 LILAC AVE )
GLENVIEW, IL 60025 )

**INSPIRE BRANDS, INC.** )
*CORPORATE DEFENDANT* )
SERVE: )
CORPORATION SERVICE CO. )
251 LITTLE FALLS DRIVE )
WILMINGTON, DE 19808 )

## TABLE OF CONTENTS

NATURE OF THE SUIT.................................................................................................. 4

JURISDICTION AND VENUE. ....................................................................................... 5

STATUTE OF LIMITATIONS ......................................................................................... 5

PARTIES TO THE SUIT ................................................................................................. 5

EARLY RESOLUTION ................................................................................................... 7

FACTS COMMON TO ALL COUNTS........................................................................... 7

COUNTS OF CLAIM...................................................................................................... 17

COUNT -1-...................................................................................................................... 17

COUNT -2-...................................................................................................................... 18

COUNT -3-...................................................................................................................... 18

COUNT -4-...................................................................................................................... 19

COUNT -5-...................................................................................................................... 20

COUNT -6-...................................................................................................................... 21

COUNT -7-...................................................................................................................... 21

COUNT -8-...................................................................................................................... 22

COUNT -9-...................................................................................................................... 23

COUNT -10-.................................................................................................................... 24

COUNT -11-.................................................................................................................... 25

COUNT -12-.................................................................................................................... 26

COUNT -13-.................................................................................................................... 27

COUNT -14-.................................................................................................................... 28

COUNT -15-.................................................................................................................... 29

COUNT -16-.................................................................................................................... 30

COUNT -17-.................................................................................................................... 31

COUNT -18-.................................................................................................................... 32

DAMAGES...................................................................................................................... 33

VERIFICATION.............................................................................................................. 34

ENCLOSURES................................................................................................................ 34

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**ALI BAKHTIARI**                   )
**PLAINTIFF**                       )
                                    )
**V.**                              )          **CAUSE NO.:_____**
                                    )          **JURY TRIAL DEMANDED**
**INSPIRE BRANDS et. al.**          )
**DEFENDANTS**                      )

### COMPLAINT

Ali Bakhtiari ("Bakhtiari", "plaintiff"), appearing in *pro se*, respectfully states a

civil complaint against the above captioned defendants as follows:

### NATURE OF THE SUIT

1. On a typical Saturday morning, plaintiff ordered a latte using the Dunkin Donuts'

mobile phone app. Plaintiff drove from his house to his neighborhood Dunkin to pick up

the latte. The staff, who already had problems communicating with the mobile app, had

dedicated their work and attention on that Saturday to help a local official operate his re-

election campaign out of the donut shop. Plaintiff waited outside for about 30 minutes for

curbside pickup which he had ordered. When no one showed up to the designated

curbside-pick area, plaintiff went inside to inquire about his order. The staff who were

pressed to serve the campaign, were not helpful. Plaintiff became cordially indignant, and

asked for the names of the two managers in charge, so he could address the quality of

their service at a later time. At that very moment, one of the managers -- who had an

intense personal hatred toward the Middle Eastern people -- began shouting racial slurs

and physically assaulted plaintiff. This lawsuit seeks redress, based on relevant federal

and state laws.

## JURISDICTION AND VENUE.

2. Plaintiff is a native and citizen of IRAN who lives in the United States in exile. He brings this action pursuant to 28 U.S.C. 1332 (diversity of citizenship). The venue of this action is proper since the actions, errors and omissions complained of occurred within the geographical limits of Eastern Division, Northern District of Illinois.

## STATUTE OF LIMITATIONS

3. For the claims asserted, the statute of limitations is two years. This complaint is timely.

## PARTIES TO THE SUIT

4. Ali Bakhtiari ("Bakhtiari") is a private party, individual plaintiff in this matter who is and was all relevant times a resident in the Eastern Division, Northern District of Illinois.

5. Defendant Wendy Doe ("Wendy"), an individual defendant who was, at all relevant times, a store manager at the Dunkin Donut (121 W Ogden Ave, Westmont, IL 60559). She is a Caucasian female, in her forties or fifties, between 200 and 250 pounds. Plaintiff utilizes a placeholder name – Wendy Doe -- to identify this defendant in this complaint. The corporate defendants, and Wendy herself, have asked for her last name to be kept under seal. Wendy was directly involved in the actions, omissions, errors and decisions complained of in this petition.

6. Defendant Cassey Roe ("Cassey"), an individual defendant who was, at all relevant times, a store manager at the Dunkin Donut (121 W Ogden Ave, Westmont, IL 60559). She is a Caucasian female, in her forties or fifties, between 100 and 150 pounds. Plaintiff utilizes a placeholder name – Cassey Roe -- to identify this defendant in this complaint. The corporate defendants, and Wendy herself, have asked for her last name to be kept

under seal. Cassey was directly involved in the actions, omissions, errors and decisions complained of in this petition.

7. Defendant Rishad Rajabali ("Rajabali"), an individual defendant who was, at all relevant times, the owner and operator of the Rajabali Group, Inc., and the Westmont Donut, Inc. This defendant directs, monitors and closely controls the day to day operation of the donut shop at issue in this case. Rajabali was directly involved in the actions, omissions, errors and decisions complained of in this petition.

8. Defendant Nills H. Okeson ("Okeson"), an individual defendant who was, at all relevant times, the general counsel for the Inspire Brands, Inc. Okeson was directly involved in the actions, omissions, errors and decisions complained of in this petition.

9. Defendant Katie Johnson ("Johnson"), an individual defendant who was, at all relevant times, the associate general counsel for the Inspire Brands, Inc. Johnson was directly involved in the actions, omissions, errors and decisions complained of in this petition.

10. Defendant Bridget Peterson ("Peterson"), an individual defendant who was, at all relevant times, the associate general counsel for the Inspire Brands, Inc. Peterson was directly involved in the actions, omissions, errors and decisions complained of in this petition.

11. Defendant The Rajabali Group, Inc. ("Rajabali Group"), a corporate defendant who was, at all relevant times, the owner and operator of the donut shop (121 W Ogden Ave, Westmont, IL 60559). This defendant directs, monitors and closely controls the day to day operation of the donut shop at issue in this case. Rajabali Group was directly involved in the actions, omissions, errors and decisions complained of in this petition.

12. Defendant Westmont Donut, Inc. ("Westmont Donut"), a corporate defendant who was, at all relevant times, the owner and operator of the donut shop (121 W Ogden Ave, Westmont, IL 60559). This defendant directs, monitors and closely controls the day to day operation of the donut shop at issue in this case. Westmont Donut was directly involved in the actions, omissions, errors and decisions complained of in this petition.

13. Defendant Inspire Brands, Inc. ("Inspire Brands"), a corporate defendant who was, at all relevant times, the business manager, franchisor, and operator of the donut shop (121 W Ogden Ave, Westmont, IL 60559). This defendant directs, monitors and closely controls the day to day operation of the donut shop at issue in this case. Inspire Brands was directly involved in the actions, omissions, errors and decisions complained of in this petition.

**EARLY RESOLUTION**

14. Plaintiff initially attempted to prevent litigation. He reached out to defendants and tried to resolve these claims amicably. Those attempts failed.

**FACTS COMMON TO ALL COUNTS**

***Physical and verbal assault, donut shop manager upon customer***

15. On or about 9 AM, Saturday, December 4th 2021, plaintiff used Dunkin's mobile phone application and placed an order for a Latte, to be picked up curbside, at Dunkin Donut located at **121 W Ogden Ave, Westmont, IL 60559** (*See Exhibit 1*: receipt of purchase).

16. When plaintiff arrived, he called the store (630-395-9698) and informed them that he was waiting outside at the curbside pickup location. After about 30 minutes, no one showed up. Plaintiff went inside to inquire. He spoke to a manager -- defendant Wendy.

17. Wendy maintained that her store no longer offered curbside pickup. She offered incomprehensible grievances about the phone app software. Plaintiff indicated to her that her store was still equipped with curbside pickup signs outside and that the mobile application actually took his order. At this time Wendy became irate, belligerent and verbally abusive. Plaintiff asked her to check her records for an order for "Ali" and see if she could at least process a refund. Wendy responded: **"no I cannot give you a fucking refund, Ali Baba!"**

18. Plaintiff respectfully and calmly asked Wendy to maintain professionalism. Wendy pointed to a man sitting at one of the tables and stated: **"We are helping this man run an election campaign here today, Ali Baba! We don't have time for this bullshit!"**

19. Plaintiff responded: **"Ma'am, I take umbrage to this treatment. Please give me the name of whoever is in charge here today. I have to talk to your corporate office about this incident!"**

20. At this very juncture [exactly on 9:15:53 AM, as depicted on the video exhibit[1], *See Exhibit-2-*] a second manager -- defendant Cassey-- approached plaintiff from behind and while pointing her finger, shouted **"Get this fucking rag-head out! Get out!"** Then she began shoving plaintiff. While shoving she kept shouting: **"camel fucker!" "camel jockey!" "Rag head!"**

21. Plaintiff stated that he was indignant and insisted on getting their names. Cassey, as clearly portrayed on video *Exhibit-2-*, put her both hands on plaintiff's body and shoved

---

[1] After the incident at issue -- 9 AM, Saturday, December 4th 2021 -- the legal counsel for defendants agreed to provide the footage of the incident to Westmont Police. According to Westmont Police, the legal counsel refused to provide the audio footage, and only provided the video footage, which is Exhibit -2- to the foregoing.

plaintiff. As the video shows, plaintiff left the premises at once with no resistance and no further exchange.

***Investigation by Westmont Police -- An Incident Flippantly Swept Under the Rug***

22. Plaintiff was way too traumatized to even go to the police at the time of the incident. Plaintiff went home immediately and took some medication to lower his heart-rate. By noon that day, after his intense chest pain somewhat subsided, on or about 12 PM, plaintiff called the DuPage County Sheriff's non-emergency number.

23. DuPage County Sheriff provided plaintiff with a phone number for Westmont Police and advised plaintiff to discuss the matter with a detective at the municipal police of the City of Westmont, Illinois.

24. Plaintiff did so. Plaintiff called Westmont Municipal police and spoke to a detective on duty (Sgt. Craig Gomorczak, Badge # 130, Phone: 630-981-6337, Case No. 21-20059).

25. Detective Gomorczak was initially reluctant to even look into the incident. He stated **"We go there all the time. They are pretty cool people!"** After plaintiff's insisting, Gomorczak agreed to interview the staff and look into the incident.

26. After Gomorczak's admission that they frequent the donut shop at issue, Plaintiff performed a cursory research on the police patronage to the donut shop. Plaintiff personally interviewed the staff of the donut shop (other than Wendy and Cassey.) According to the staff, Westmont Municipal Police staff and their family members frequently hold parties and gatherings at this donut shop (*see Exhibit-3*, pictures posted by Westmont Police on social media).

27. On Monday, December 6th 2021, plaintiff reached out to Westmont Police Chief – Jim Gunther – and to Detective Gomorczak. Plaintiff reminded them that due to the fact

that themselves, their staff and their family members, are frequent patrons at Westmont Dunkin Donut, to the interests of objective investigation and integrity they should recuse themselves and send the matter back to DuPage County Sheriff. Westmont Police ignored plaintiff's request, took jurisdiction over the issue and closed their investigation in a summary fashion.

28. After Westmont Police announced their decision to plaintiff, plaintiff emailed the Dupage County prosecutor – Robert Berlin, Esq. -- and asked for a brief audience with him. Berlin telephoned plaintiff. According to Berlin, he chose not to proceed with any charges since he did not expect to **"receive full cooperation from the local officers at Westmont PD!"**

*Plaintiff's attempts to preserve audio and video recording of the incident, spoliation by corporate counsel*

29. On the day of incident – December 4th 2021 -- Plaintiff wrote a memorandum, explaining the events of that morning and explicitly requested the general counsel of Inspire Brands – defendant Okeson – to preserve any and all electronic, CCTV, audio and video footage of the incident in that day in that specific store (*See Exhibit-4:* memorandum, delivered to defendant Okeson via email, delivered to Defendant Rishad Rajabli's residence with hand delivery on 12/06/21)

30. Defendant Johnson, from the General Counsel's office, responded to plaintiff and made a commitment to forward plaintiff's memorandum to those in possession and control of the said evidence.

31. On December 6th, 2021, plaintiff wrote a second memorandum to defendants Okeson, Johnson and Peterson. Plaintiff explicitly requested for preservation of the personnel files for defendants Wendy and Cassey, disciplinary record, psychiatric

evaluations, training records, criminal background investigative and clearance records, as performed by their employer – Westmont Donuts, Dunkin/Inspire Brands, (*See Exhibit-5*: memorandum, delivered to defendant Okeson via email, delivered to Defendant Rishad Rajabli's residence with hand delivery on 12/06/21)

32. This time, defendant Peterson responded to plaintiff and made a commitment to forward plaintiff's memorandum to those in possession and control of the said evidence.

33. On April 25th 2022, plaintiff wrote another memorandum to defendants Okeson, Peterson and Johnson. As a direct victim of Wendy and Cassey, plaintiff asked to receive a copy of audio footage of the incident and the personnel files for Wendy and Cassey, disciplinary record, psychiatric evaluations, training records, criminal background investigative and clearance records (*See Exhibit-6*: memorandum, delivered to defendant Okeson via email, and USPS first class, postage prepaid)

34. In a follow up telephonic conversation on April 26th 2022, the office of the general counsel, on behalf of Okeson, Johnson, Peterson, and Rajabali defendants, informed plaintiff that all the above pieces of critical evidence have been **"accidentally erased!"**

*Plaintiff's initial civil investigation into the background of Wendy, Cassey and Rajabali Defendants'[2] operation, management and stores in the past ten years*

35. In the past ten years, Rajabali defendants have owned the following Dunkin Donut stores in the western Chicago suburbs:

- 242 West Army Trail Rd, Carol Stream, IL, 60188

- 522 Ogden Ave, Downers Grove, IL, 60515

- 22W251 North Ave, Glen Ellyn, IL, 60137

---

[2] Throughout this complaint, the phrase "Rajabali defendants" refers to three defendants: Rishad Rajabali, Westmont Donut, Inc., and The Rajabali Group, LLC.

- 1511 Irving Park Rd, Hanover Park, IL, 60133

- 1160 S Main St, Lombard, IL, 60148

- 17 W 422 W-22nd St, Oakbrook Terrace, IL, 60181

- 656 S. Sutton Rd Route 59, Streamwood, IL, 60107

- 1 W. St. Charles Rd, Villa Park, IL, 60181

- 7450 Barrington Rd, Hanover Park, IL, 60133

- 17521 Roosevelt Rd, Oakbrook Terrace, IL, 60181

- 2222 W Algonquin Rd, Rolling Meadows, IL, 60008

- 15 E. Ogden Ave, Westmont, IL, 60559

- 121 West Ogden Ave, Westmont, IL, 60559

36. Rajabali defendants began selling these stores in the past few years but have held on to ownership of the Westmont store[3].

37. According to the staff working at the Rajabali stores[4], Rajabali Defendants have a well-known history of **extreme carelessness** in hiring, retention, training and direction of the employees particularly their local management, sore managers and shift leaders for their stores. Same staff stated that Dunkin Brands -- as it is known today as Inspire Brands – also has established, encouraged and propagated such culture of carelessness in store management, operation and staffing to those whom they bestow franchisee rights.

38. According to the staff working at the Westmont store, Wendy and Cassey, both have exhibited intense racial hatred in their prior places of employment and in their own local

---

[3] Throughout this complaint, "Westmont store" refers to the specific donut shop at 121 West Ogden Avenue, Westmont, Illinois 60559, where the incident of December 4th 2021 occurred.

[4] Throughout this complaint, "Rajabali stores" refers to the stores (see parag. 35, *supra*) under the ownership, current or past, of the Rajabali defendants.

communities. In their prior places of employment, they openly, and comfortably, uttered racial slurs. According to the same staff, they openly and frequently used racial slurs in Westmont store while on duty. Rajabali defendants knew and looked the other way. The staff and the customers previously complained to them directly. Rajabali defendants deliberately, negligently and callously ignored. According to the same staff, Inspire Brands was on notice about such faulty practices by their proliferous franchisee – Rishad Rajabali. But Inspire Brands did not take any actions to direct, to train and/or to correct.

39. According to the staff of Westmont store, Wendy and Cassey, both have exhibited thug-like, menacing and intimidating behaviors in their prior places of employment and in their own local communities at their perspective homes. In their prior places of employment, they openly, and comfortably, threatened and assaulted people. At the Westmont store, they openly and frequently menaced colleagues and patrons. Rajabali Defendants knew and looked the other way. The staff and the customers previously complained to them directly. Rajabali defendants deliberately, negligently and callously ignored.

40. According to the staff at the Rajabali stores, Inspire Brands was also on notice about such faulty practices by their proliferous franchisee – Rishad Rajabali. But Inspire Brands did not take any actions to direct, to train and/or to correct.

*Negligent **hiring** of Wendy and Cassey*

41. According to the staff at the Westmont store, Rajabali Defendants very well knew at the time of hiring, not just that Wendy and Cassey were unfit, corrupt, violent and racist. But Rajabali Defendants knew Wendy and Cassey were unfit in such particular manner, that injuries such as those sustained by plaintiff were foreseeable to any person of

ordinary prudence in Rajabali Defendants' shoes. As a matter of management habit and regular practice, Rajabali Defendants proceeded and hired the two.

### Negligent *retention* of Wendy and Cassey

42. According to the staff at the Westmont store, within few days into the job at the donut shop in Westmont, Rajabali Defendants were again put on notice – by the virtue of self-evincing behavior -- not just that Wendy and Cassey were unfit, corrupt, violent and racist. But Rajabali Defendants witnessed firsthand that Wendy and Cassey were unfit in such particular manner, that injuries such as those sustained by plaintiff were foreseeable to any person of ordinary prudence in Rajabali Defendants' shoes. As a matter of management habit and regular practice, Rajabali Defendants proceeded and retained the two.

### Negligent *entrustment* of the Westmont Donut shop to Wendy and Cassey

**Maya Angelo once said "When people show you who they are, believe them the first time."**

43. According to the staff at the Westmont store, Wendy and Cassey showed their true colors, hatred, corruption and violence, to Rajabali Defendants even at the time of hiring. Not enough, they again showed Rajabali Defendants their true colors few days into the job. But Rajabali Defendants entrusted the Westmont donut shop to them to be under their direct management. Rajabali Defendants deliberately ignored the imminent dangers to the patrons and employees.

### Rajabali Defendants' negligent *supervision* over Wendy, Cassey and the Westmont Donut shop store.

44. According to the staff at the Rajabali stores, Rajabali Defendants are known, throughout their stores, to conduct a wild west cowboy style of supervision. Workplace

violent, thuggery and harassment – be it upon fellow employees or the patrons-- regularly goes un-addressed. Particularly at the Westmont store, Wendy and Cassey clearly exhibited such traits of thug-like and abusive behaviors towards the employees and the patrons. Rajabali Defendants noticed over and over again but, they chose to look the other way.

***Rajabali Defendants' negligent failure to train Wendy and Cassey***

45. According to the staff at the Rajabali stores, Rajabali Defendants are known, throughout their stores, to conduct a wild west cowboy style of supervision. Under Rajabali defendants, those who are placed in supervisory positions lack the most basic training. Though it is frequently made known to Rajabali Defendants that the training is needed, they ignore. Particularly at the Westmont store, Wendy and Cassey clearly exhibited the dire need for training, be it in customer service, customer care, conflict resolution, anger management, etc. Rajabali Defendants noticed such needs over and over again but, they chose to look the other way.

***Rajabali Defendants' negligent failure to direct Wendy and Cassey***

46. Rajabali Defendants know, as any reasonable person would know, that they have the obligation to clarify explicitly for their store managers, and employees in general, that regardless of their personal feelings towards racial minorities, while on duty they should treat all customers equally, with dignity and respect. Rajabali Defendants have the obligation to clarify for them that regardless of their violent tendencies, they cannot put their hands on a customer, specially when the customer is calm, passive, respectful and poses no danger.

47. According to the staff at the Rajabali stores, Rajabali Defendants omit such critical directions. Particularly in the Westmont donut shop, Wendy and Cassey clearly exhibited

the dire need for such directions. Rajabali Defendants noticed such needs over and over again but, they chose to look the other way.

***Inspire Brand's negligent <u>supervision</u> over Rajabali Defendants***

48. **"Dunkin' Donuts"** is an American institution, a household name and a cultural icon, going back to 1950. Inspire Brands acquired this franchise name and decided to entrust Rajabali Defendants with enjoying the social standing of this household name at ***no less than*** 12 locations in Chicagoland. According to the staff at the Rajabali stores, Inspire Brands knew of Rajabali Defendants' highly defective – and dangerous -- management style. Rajabali Defendants needed Supervision. Inspire Brands had the undeniable obligation to supervise Rajabali Defendants but, Inspire Brands negligently chose not to supervise them, even though Inspire Brands had decided to grant them the franchisee to enjoy the powerful attraction of the iconic name "Dunkin Donut" to bring potential victims, such as plaintiff, to this particular donut shop in Westmont, Illinois.

***Inspire Brand's negligent failure to <u>train</u> Rajabali Defendants***

49. According to the staff at the Rajabali stores, Inspire Brands knew of Rajabali Defendants' highly defective – and dangerous -- management style. Rajabali Defendants urgently and desperately needed training: on how to hire, fire, train employees, monitor performance, weed out trouble employees, etc. Inspire Brands had the undeniable obligation to train Rajabali Defendants on so many key retail management issues but, Inspire Brands negligently chose not to train them, even though Inspire Brands had decided to grant them the franchisee to enjoy the powerful attraction of this iconic name at 12 locations.

***Inspire Brand's negligent failure to <u>direct</u> Rajabali Defendants***

50. According to the staff at the Rajabali stores, Rajabali Defendants urgently and desperately needed direction: on specific limits and requirements of employee performance, monitoring, hiring, firing, training of employees. Inspire Brands had the undeniable obligation to direct Rajabali Defendants on so many key retail management issues but, Inspire Brands negligently chose not to direct them, even though Inspire Brands had decided to grant them the franchisee to enjoy the powerful attraction of this iconic name at 12 locations.

## COUNTS OF CLAIM

### COUNT -1-
### Title VII Civil Rights Act, refusing to serve on the basis of race and ethnicity
-Federal Law-
### Against Defendants: Inspire brands, Inc., Westmont Donut, Inc., The Rajabali Group, Inc., Rishad Rajabali, Wendy, Cassey

51. The allegations in paragraphs 15 through 50 are adopted herein, as they are directly pertinent to this Count of claim.

52. Plaintiff is a member of a protected group;

53. he was similarly situated by circumstance to other individuals not members of such a group; and

54. he was treated more harshly or disparately than other similarly situated non-group members;

55. but for plaintiff's race and ethnicity, the defendants would not have treated him the way they did;

56. As a result, plaintiff has been substantively and substantially harmed.

57. WHEREFORE, plaintiff prays for relief in the form of:

    A. Declaratory Judgment, declaring these defendants' conduct unlawful;

    B. Injunction, ordering these defendants to change their course of conduct;

C. Monetary compensation to plaintiff for his damages, as specified *infra*, in

paragraphs 186 and 187;

D. Any and all other form of relief the Court deems proper and just;

## COUNT -2-
### Illinois Human Rights Act, refusing to serve on the basis of race and ethnicity
### -Illinois State Law-
### Against Defendants: Inspire brands, Inc., Westmont Donut, Inc., The Rajabali
### Group, Inc., Rishad Rajabali, Wendy, Cassey

58. The allegations in paragraphs 15 through 50 are adopted herein, as they are directly

pertinent to this Count of claim.

59. Plaintiff is a member of a protected group;

60. he was similarly situated by circumstance to other individuals not members of such a

group; and

61. he was treated more harshly or disparately than other similarly situated non-group

members;

62. but for plaintiff's race and ethnicity, the defendants would not have treated him the

way they did;

63. As a result, plaintiff has been substantively and substantially harmed.

64. WHEREFORE, plaintiff prays for relief in the form of:

A. Declaratory Judgment, declaring these defendants' conduct unlawful;

B. Injunction, ordering these defendants to change their course of conduct;

C. Monetary compensation to plaintiff for his damages, as specified *infra*, in

paragraphs 186 and 187;

D. Any and all other form of relief the Court deems proper and just;

## COUNT -3-
### 42 U.S.C 1981, refusing to allow commercial participation – enforcement of
### contract -- on the basis of race and ethnicity

-Federal Law-
## Against Defendants: Inspire brands, Inc., Westmont Donut, Inc., The Rajabali Group, Inc., Rishad Rajabali, Wendy, Cassey

65. The allegations in paragraphs 15 through 50 are adopted herein, as they are directly pertinent to this Count of claim.

66. Plaintiff is a member of a racial minority group and a protected group;

67. the defendants intended to discriminate against him on the basis of his race; and

68. but for plaintiff's race and ethnicity, the defendants would not have treated him the way they did;

69. the discrimination concerned one or more activities enumerated in the statute, which include the making and enforcing of contracts;

70. As a result, plaintiff has been substantively and substantially harmed.

71. WHEREFORE, plaintiff prays for relief in the form of:

   A. Declaratory Judgment, declaring these defendants' conduct unlawful;

   B. Injunction, ordering these defendants to change their course of conduct;

   C. Monetary compensation to plaintiff for his damages, as specified *infra*, in paragraphs 186 and 187;

   D. Any and all other form of relief the Court deems proper and just;

## COUNT -4-
### 42 U.S.C 1982, refusing to allow commercial participation – purchase of property -- on the basis of race and ethnicity
-Federal Law-
### Against Defendants: Inspire brands, Inc., Westmont Donut, Inc., The Rajabali Group, Inc., Rishad Rajabali, Wendy, Cassey

72. The allegations in paragraphs 15 through 50 are adopted herein, as they are directly pertinent to this Count of claim.

73. Plaintiff is a member of a racial minority group and a protected group;

74. the defendants intended to discriminate against him on the basis of his race; and

75. but for plaintiff's race and ethnicity, the defendants would not have treated him the way they did;

76. the discrimination concerned one or more activities enumerated in the statute, which include purchasing property;

77. As a result, plaintiff has been substantively and substantially harmed.

78. WHEREFORE, plaintiff prays for relief in the form of:

A. Declaratory Judgment, declaring these defendants' conduct unlawful;

B. Injunction, ordering these defendants to change their course of conduct;

C. Monetary compensation to plaintiff for his damages, as specified *infra*, in paragraphs 186 and 187;

D. Any and all other form of relief the Court deems proper and just;

## COUNT -5-
### Assault
### -Illinois State Law-
### Against Defendant: Cassey

79. The allegations in paragraphs 15 through 50 are adopted herein, as they are directly pertinent to this Count of claim.

80. Cassey intentionally attempted or threatened to inflict injury upon plaintiff;

81. Cassey had the apparent ability to cause harm upon plaintiff;

82. Cassey created a reasonable apprehension of bodily harm or offensive contact in plaintiff;

83. As a result, plaintiff has been substantively and substantially harmed.

84. WHEREFORE, plaintiff prays for relief in the form of:

A. Declaratory Judgment, declaring this defendant's conduct unlawful;

B. Injunction, ordering this defendant to change her course of conduct;

C. Monetary compensation to plaintiff for his damages, as specified *infra*, in

paragraphs 186 and 187;

D. Any and all other form of relief the Court deems proper and just;

## COUNT -6-
### Battery
### -Illinois State Law-
### Against Defendant: Cassey

85. The allegations in paragraphs 15 through 50 are adopted herein, as they are directly

pertinent to this Count of claim.

86. Cassey intentionally shoved plaintiff, twice;

87. Cassey did so, both times, in a harmful and offensive manner;

88. Cassey physically laid hands on plaintiff, two times, without plaintiff's consent;

89. As a result, plaintiff has been substantively and substantially harmed.

90. WHEREFORE, plaintiff prays for relief in the form of:

A. Declaratory Judgment, declaring this defendant's conduct unlawful;

B. Injunction, ordering this defendant to change her course of conduct;

C. Monetary compensation to plaintiff for his damages, as specified *infra*, in

paragraphs 186 and 187;

D. Any and all other form of relief the Court deems proper and just;

## COUNT -7-
### Intentional Infliction of Emotional Distress
### -Illinois State Law-
### Against Defendant: Cassey

91. The allegations in paragraphs 15 through 50 are adopted herein, as they are directly

pertinent to this Count of claim.

92. Cassey's conduct was extreme and outrageous;

93. Cassey intended to cause or recklessly or consciously disregarded the probability of causing emotional distress;

94. Plaintiff suffered severe or extreme emotional distress;

95. Cassey's conduct actually and proximately caused emotional distress;

96. As a result, plaintiff has been substantively and substantially harmed.

97. WHEREFORE, plaintiff prays for relief in the form of:

    A. Declaratory Judgment, declaring this defendant's conduct unlawful;

    B. Injunction, ordering this defendant to change her course of conduct;

    C. Monetary compensation to plaintiff for his damages, as specified *infra*, in paragraphs 186 and 187;

    D. Any and all other form of relief the Court deems proper and just;

## COUNT -8-
### Negligent Infliction of Emotional Distress
### -Illinois State Law-
### Against Defendants: Inspire brands, Inc., Westmont Donut, Inc., The Rajabali Group, Inc., Rishad Rajabali, Wendy, Cassey

98. The allegations in paragraphs 15 through 50 are adopted herein, as they are directly pertinent to this Count of claim.

99. These defendants owed the plaintiff a duty of care;

100. These defendants breached that duty of care;

101. Plaintiff suffered significant emotional distress;

102. These defendants' breach of that duty proximately caused plaintiff some significant emotional distress;

103. As a result, plaintiff has been substantively and substantially harmed.

104. WHEREFORE, plaintiff prays for relief in the form of:

    A. Declaratory Judgment, declaring these defendants' conduct unlawful;

B. Injunction, ordering these defendants to change their course of conduct;

C. Monetary compensation to plaintiff for his damages, as specified *infra*, in paragraphs 186 and 187;

D. Any and all other form of relief the Court deems proper and just;

## COUNT -9-
## Negligent Hiring
## -Illinois State Law-
### Against Defendants: Westmont Donut, Inc., The Rajabali Group, Inc., Rishad Rajabali

105.The allegations in paragraphs 15 through 50 are adopted herein, as they are directly pertinent to this Count of claim.

106.The above-named Defendants, very well knew, at the time of hiring, not just that Wendy and Cassey were unfit, corrupt, violent and racist. But they also knew Wendy and Cassey were unfit in such particular manner, that injuries such as those sustained by plaintiff were foreseeable to any person of ordinary prudence in their shoes.

107.As a matter of management habit and regular practice, the defendants proceeded and hired the two.

108.These defendants owed plaintiff, and the public at large, a duty of care to be careful in hiring public retail personnel, such as Wendy and Cassey;

109.These defendants breached that duty of care;

110.These defendants' breach of that duty proximately caused plaintiff's damages;

111.As a result, plaintiff has been substantively and substantially harmed.

112.WHEREFORE, plaintiff prays for relief in the form of:

A. Declaratory Judgment, declaring these defendants' conduct unlawful;

B. Injunction, ordering these defendants to change their course of conduct;

C. Monetary compensation to plaintiff for his damages, as specified *infra*, in

paragraphs 186 and 187;

D. Any and all other form of relief the Court deems proper and just;

## COUNT -10-
### Negligent Retention
### -Illinois State Law-
### Against Defendants: Westmont Donut, Inc., The Rajabali Group, Inc., Rishad Rajabali

113. The allegations in paragraphs 15 through 50 are adopted herein, as they are directly

pertinent to this Count of claim.

114. Within few days into the job at the donut shop in Westmont, the above-named

defendants were again put on notice – by the virtue of self-evincing behavior, and by

notices given to them from other staff and patrons -- not just that Wendy and Cassey were

unfit, corrupt, violent and racist. But Rajabali Defendants witnessed firsthand that Wendy

and Cassey were unfit in such particular manner, that injuries such as those sustained by

plaintiff were foreseeable to any person of ordinary prudence in their shoes.

115. As a matter of management habit and regular practice, Rajabali Defendants

proceeded and retained the two.

116. These defendants owed plaintiff, and the public at large, a duty of care to be careful

in retaining public retail personnel, such as Wendy and Cassey;

117. These defendants breached that duty of care;

118. These defendants' breach of that duty proximately caused plaintiff's damages;

119. As a result, plaintiff has been substantively and substantially harmed.

120. WHEREFORE, plaintiff prays for relief in the form of:

A. Declaratory Judgment, declaring these defendants' conduct unlawful;

B. Injunction, ordering these defendants to change their course of conduct;

C. Monetary compensation to plaintiff for his damages, as specified *infra*, in

paragraphs 186 and 187;

D. Any and all other form of relief the Court deems proper and just;

## COUNT -11-
### Negligent Supervision
### -Illinois State Law-
### Against Defendants: Westmont Donut, Inc., The Rajabali Group, Inc., Rishad Rajabali

121. The allegations in paragraphs 15 through 50 are adopted herein, as they are directly pertinent to this Count of claim.

122. The above-named defendants are known, throughout their 12 stores, to conduct a wild west cowboy style of supervision. Workplace violent, thuggery and harassment – be it upon fellow employees or the patrons-- regularly goes un-addressed.

123. Particularly in the Westmont donut shop, Wendy and Cassey clearly exhibited such traits of thug-like and abusive behaviors towards the employees and the patrons. The above-named defendants noticed over and over again but, they chose to look the other way.

124. These defendants owed plaintiff, and the public at large, a duty of care to be careful in supervising their problematic stores and their public retail personnel, such as Wendy and Cassey;

125. These defendants breached that duty of care;

126. These defendants' breach of that duty proximately caused plaintiff's damages;

127. As a result, plaintiff has been substantively and substantially harmed.

128. WHEREFORE, plaintiff prays for relief in the form of:

A. Declaratory Judgment, declaring these defendants' conduct unlawful;

B. Injunction, ordering these defendants to change their course of conduct;

C. Monetary compensation to plaintiff for his damages, as specified *infra*, in

paragraphs 186 and 187;

D. Any and all other form of relief the Court deems proper and just;

## COUNT -12-
## Negligent Entrustment
## -Illinois State Law-
## Against Defendants: Westmont Donut, Inc., The Rajabali Group, Inc., Rishad Rajabali

129. The allegations in paragraphs 15 through 50 are adopted herein, as they are directly

pertinent to this Count of claim.

130. Wendy and Cassey showed their true colors, hatred, corruption and violence, to the

above-named defendants at the time of hiring. Not enough, they again showed their true

colors few days into the job. But the defendants entrusted the Westmont donut shop to

them to be under their direct management.

131. The defendants deliberately ignored the imminent dangers to the patrons and

employees.

132. These defendants owed plaintiff, and the public at large, a duty of care to be careful

in whom they entrust with this American icon, a Dunkin' Donut shop where the families

go to patronize.

133. These defendants breached that duty of care;

134. These defendants' breach of that duty proximately caused plaintiff's damages;

135. As a result, plaintiff has been substantively and substantially harmed.

136. WHEREFORE, plaintiff prays for relief in the form of:

A. Declaratory Judgment, declaring these defendants' conduct unlawful;

B. Injunction, ordering these defendants to change their course of conduct;

C. Monetary compensation to plaintiff for his damages, as specified *infra*, in

paragraphs 186 and 187;

D. Any and all other form of relief the Court deems proper and just;

## COUNT -13-
### Negligent Failure to Train
#### -Illinois State Law-
### Against Defendants: Westmont Donut, Inc., The Rajabali Group, Inc., Rishad Rajabali

137. The allegations in paragraphs 15 through 50 are adopted herein, as they are directly pertinent to this Count of claim.

138. The above-named defendants are known, throughout their 12 stores, to conduct a wild west cowboy style of supervision. Those who are placed in supervisory positions lack the most basic training. Through it is frequently made known to the defendants that the training is needed, they deliberately ignore.

139. Particularly in the Westmont donut shop, Wendy and Cassey clearly exhibited the dire need for training, be it in customer service, customer care, conflict resolution, anger management, etc. The defendants noticed such needs over and over again but, they chose to look the other way.

140. These defendants owed plaintiff, and the public at large, a duty of care to be careful in training their staff, especially the store managers for the benefit of safety of their patronage.

141. These defendants breached that duty of care;

142. These defendants' breach of that duty proximately caused plaintiff's damages;

143. As a result, plaintiff has been substantively and substantially harmed.

144. WHEREFORE, plaintiff prays for relief in the form of:

A. Declaratory Judgment, declaring these defendants' conduct unlawful;

B. Injunction, ordering these defendants to change their course of conduct;

C. Monetary compensation to plaintiff for his damages, as specified *infra*, in

paragraphs 186 and 187;

D. Any and all other form of relief the Court deems proper and just;

## COUNT -14-
### Negligent Failure to Direct
#### -Illinois State Law-
### Against Defendants: Westmont Donut, Inc., The Rajabali Group, Inc., Rishad Rajabali

145. The allegations in paragraphs 15 through 50 are adopted herein, as they are directly pertinent to this Count of claim.

146. The above-named defendants have the obligation to clarify explicitly for their store managers, and other employees in general, that regardless of their personal feelings towards racial minorities, while on duty they should serve and respect all customers equally, with dignity and respect. The defendants have the obligation to clarify for them that regardless of their violent tendencies, they cannot put their hands on a customer, especially when the customer is calm, passive, respectful and poses no danger.

147. The above-named defendants are known, throughout their 12 stores, to omit such critical directions. Particularly in the Westmont donut shop, Wendy and Cassey clearly exhibited the dire need for such directions, the defendants noticed such needs over and over again but, they chose to look the other way.

148. These defendants owed plaintiff, and the public at large, a duty of care to provide such explicit and clear directions to their staff -- especially the managers -- for the benefit of safety of their patronage.

149. These defendants breached that duty of care;

150. These defendants' breach of that duty proximately caused plaintiff's damages;

151. As a result, plaintiff has been substantively and substantially harmed.

152. WHEREFORE, plaintiff prays for relief in the form of:

    A. Declaratory Judgment, declaring these defendants' conduct unlawful;

    B. Injunction, ordering these defendants to change their course of conduct;

    C. Monetary compensation to plaintiff for his damages, as specified *infra*, in

    paragraphs 186 and 187;

    D. Any and all other form of relief the Court deems proper and just;

**COUNT -15-**
**Negligent Failure to Supervise and Monitor a Franchisee**
**-Illinois State Law-**
**Against Defendant: Inspire Brands**

153. The allegations in paragraphs 15 through 50 are adopted herein, as they are directly pertinent to this Count of claim.

154. Inspire Brands knew of Rajabali Defendants' highly defective – and dangerous -- management style. Rajabali Defendants needed Supervision. Inspire Brands had the undeniable obligation to supervise Rajabali Defendants.

155. Inspire Brands negligently chose not to supervise Rajabali Defendants, even though Inspire Brands had decided to grant Rajabali Defendants the franchisee to enjoy the powerful attraction and high patronage of a "Dunkin Donut" public eatery to bring potential victims, such as plaintiff, to this particular donut shop in Westmont, Illinois.

156. Inspire Brands owed plaintiff, and the public at large, a duty of care to monitor and supervise the Rajabali defendants for the benefit of safety of their patronage and the public at large.

157. This defendant breached that duty of care;

158. This defendant's breach of that duty proximately caused plaintiff's damages;

159. As a result, plaintiff has been substantively and substantially harmed.

160. WHEREFORE, plaintiff prays for relief in the form of:

    A. Declaratory Judgment, declaring this defendant's conduct unlawful;

    B. Injunction, ordering this defendant to change its course of conduct;

    C. Monetary compensation to plaintiff for his damages, as specified *infra*, in

    paragraphs 186 and 187;

    D. Any and all other form of relief the Court deems proper and just;

**COUNT -16-**
**Negligent Failure to Train a Franchisee**
**-Illinois State Law-**
**Against Defendant: Inspire Brands**

161. The allegations in paragraphs 15 through 50 are adopted herein, as they are directly pertinent to this Count of claim.

162. Inspire Brands knew of Rajabali Defendants' highly defective – and dangerous -- management style. Rajabali Defendants desperately needed training on key retail management issues. Inspire Brands had the undeniable obligation to properly train Rajabali Defendants.

163. Inspire Brands negligently chose not to train Rajabali Defendants, even though Inspire Brands had decided to grant Rajabali Defendants the franchisee to enjoy the powerful attraction and high patronage of a "Dunkin Donut" public eatery to bring potential victims, such as plaintiff, to this particular donut shop in Westmont, Illinois.

164. Inspire Brands owed plaintiff, and the public at large, a duty of care to train the Rajabali defendants for the benefit of safety of their patronage and the public at large.

165. This defendant breached that duty of care;

166. This defendant breach of that duty proximately caused plaintiff's damages;

167. As a result, plaintiff has been substantively and substantially harmed.

168. WHEREFORE, plaintiff prays for relief in the form of:

A. Declaratory Judgment, declaring this defendant's conduct unlawful;

B. Injunction, ordering this defendant to change its course of conduct;

C. Monetary compensation to plaintiff for his damages, as specified *infra*, in

paragraphs 186 and 187;

D. Any and all other form of relief the Court deems proper and just;

### COUNT -17-
### Negligent Failure to Direct a Franchisee
### Illinois State Law
### Against Defendant: Inspire Brands

169. The allegations in paragraphs 15 through 50 are adopted herein, as they are directly

pertinent to this Count of claim.

170. Inspire Brands knew of Rajabali Defendants' highly defective – and dangerous --

management style. Rajabali Defendants desperately needed clear and explicit direction on

key retail management issues. Inspire Brands had the undeniable obligation to provide

proper direction to Rajabali Defendants.

171. Inspire Brands negligently chose not to adequately direct Rajabali Defendants, even

though Inspire Brands had decided to grant Rajabali Defendants the franchisee to enjoy

the powerful attraction and high patronage of a "Dunkin Donut" public eatery to bring

potential victims, such as plaintiff, to this particular donut shop in Westmont, Illinois.

172. Inspire Brands owed plaintiff, and the public at large, a duty of care to direct the

Rajabali defendants for the benefit of safety of their patronage and the public at large.

173. This defendant breached that duty of care;

174. This defendant breach of that duty proximately caused plaintiff's damages;

175. As a result, plaintiff has been substantively and substantially harmed.

176. WHEREFORE, plaintiff prays for relief in the form of:

    A. Declaratory Judgment, declaring this defendant's conduct unlawful;

    B. Injunction, ordering this defendant to change its course of conduct;

    C. Monetary compensation to plaintiff for his damages, as specified *infra*, in

paragraphs 186 and 187;

    D. Any and all other form of relief the Court deems proper and just;

**COUNT -18-**
**Negligent Spoliation of Evidence**
**-Illinois State Law-**
**Against Defendant: Inspire Brands, Okeson, Johnson, Peterson, Westmont Donut, Inc., The Rajabali Group, Inc., Rishad Rajabali**

177. The allegations in paragraphs 15 through 50 are adopted herein, as they are directly pertinent to this Count of claim.

178. Plaintiff particularly calls the Court's attention to the facts alleged in paragraphs 29 to 34;

179. It is a lot easier to hide the truth than to justify it. It is truly disturbing that three of the above-named defendants are professional-seasoned jurists who are actually officers of the Court. Still, in spite of plaintiff's three forceful attempts to preserve, beginning from the day of the incident, still these defendants claim that the dog ate their homework;

180. The above-named defendants owed plaintiff, and this Court, the affirmative duty to preserve the evidence which plaintiff enumerated for them in his memoranda, also specified *supra* in paragraphs 29 and 33. In the light of plaintiff's numerous reminders, there was no excuse left for these defendants to shred such critical evidence.

181. The defendants breached that duty of care;

182. The defendants breach of that duty proximately caused plaintiff's damages;

183. Plaintiff's ability to seek redress, and the ultimate function and goal of these legal proceedings, are significantly compromised and hindered by defendants' breach of their duty in preserving the evidence enumerated in paragraphs 29 and 33, *supra*.

184. As a result, plaintiff has been substantively and substantially harmed.

185. WHEREFORE, plaintiff prays for relief in the form of:

   A. Declaratory Judgment, declaring these defendants' conduct unlawful;

   B. Injunction, ordering these defendants to change their course of conduct;

   C. Monetary compensation to plaintiff for his damages, as specified *infra*, in paragraphs 186 and 187;

   D. Any and all other form of relief the Court deems proper and just;

### DAMAGES
### JURY TRIAL REQUESTED

186. Plaintiff requests assessment of actual and punitive damages against each defendant:

   Actual Damages: 10,000 (USD $)

   Punitive Damages: 80,000 (USD $)

   Costs of Suit: 10,000 (USD $)

187. Plaintiffs pray for assessment of a total of **900,000 (USD $)** against all the defendants.

188. In addition, plaintiffs pray for any and all other relief deemed just and proper under the circumstances.

## VERIFICATION

189. I, the undersigned, plaintiff in *pro se*, certify and verify that all the factual assertions

in the foregoing are true and accurate to the best of my memory, knowledge and belief.

Respectfully Submitted

On this _May 6 2022_

**ALI BAKHTIARI**
**288 OXFORD AVNUE**
**SUITE -9-**
**CLARENDON HILLS, IL 60514**
**TELLEPHONE: +1-636-541-4211**
**EMAIL: ALI.BAKTIAR090@GMAIL.COM**

*APPEARING IN PRO SE*

### NOTARY

Signed and sworn before me on this _05/06/22_ in County of _COOK_ ,

State of _IL_ . My commission expires on _1/11/26_

Official Seal
Booker Taliaferrio Donelson III
Notary Public State of Illinois
My Commission Expires 1/11/2026

_____
NOTARY PUBLIC

## ENCLOSURES
### THIS COMPLAINT HAS SIX EXHIBITS

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **ALI BAKHTIARI** | ) |
| *PLAINTIFF* | ) |
| | ) |
| **V.** | )    <u>**CAUSE NO.:**</u>    <u>      </u> |
| | ) |
| **INSPIRE BRANDS** *ET. AL.* | ) |
| *DEFENDANTS* | ) |

# <u>EXHIBIT-1-</u>

# <u>TO</u>
# <u>PLAINTIFF'S COMPLAINT</u>

**DUNKIN'** *Dunkin Donuts*                          *Dining*          *Alireza B. ...2834*                    *$4.43*

*Westmont, IL 60559 USA*
*Merchant Website*

*Purchased:*          *Sat, Dec 4, 2021*
*Purchased By:*       *ALIREZA BAKHTIARI*

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ALI BAKHTIARI** | ) | |
| *PLAINTIFF* | ) | |
| | ) | |
| **V.** | ) | **CAUSE NO.:** _____ |
| | ) | |
| **INSPIRE BRANDS** *ET. AL.* | ) | |
| *DEFENDANTS* | ) | |

# <u>EXHIBIT-2-</u>

# <u>TO</u>
# <u>PLAINTIFF'S COMPLAINT</u>

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

**ALI BAKHTIARI**          )
*PLAINTIFF*            )
                         )
**V.**                    )    **CAUSE NO.:** _____
                         )
**INSPIRE BRANDS *ET. AL.***   )
***DEFENDANTS***        )

## <u>AFFIDAVIT</u>
### CERTIFICATE OF AUTHENTICITY AND COMPLIANCE
### FEDERAL RULES OF EVIDENCE 901 AND 902
### EXHIBIT -2-
### VIDEO RECORDING (MP4 FILE)

The undersigned, Ali Bakhtiari, plaintiff, in *pro se*, to the best of my memory, knowledge and belief, verify and certify the following:

1) I possess a master's degree in science and have extensive training in law and in computer science. I am qualified adequately to operate computing devices, to record video/auto files and to preserve the integrity of the recording. I am qualified adequately to make exact copies of the video/audio files with their integrity and metadata intact.

2) Exhibit -2- is the video recording of the interaction between myself and two of the defendants in this case. The legal counsel for the defendants provided the file to Westmont Police, and the Westmont Police provided a copy to me.

3) After the incident at issue -- 9 AM, Saturday, December 4th 2021 -- the legal counsel for defendants agreed to provide the footage of the incident to Westmont Police. According to Westmont Police, the legal counsel refused to provide the audio footage, and only provided the video footage, which is Exhibit-2- to plaintiff's original complaint.

4) All the devices used preserved the metadata indicators of authenticity for this video file throughout its chain of custody.

5) This recording file is in full fidelity and has no alterations. The metadata characteristics of the file track any possible alterations to the file if one were to attempt such.

6) I have submitted an accurate and true copy of this file in enclosure to my original complaint, with metadata intact. I also served the same upon each defendant in this case, in enclosure to their copies of the complaint.

7) The recording file submitted in Exhibit-2- is fully compliant with Federal Rules of Evidence 901(b)(1) and 901(b)(4) and 901(b)(9).

8) As such, the recording file submitted in Exhibit-2- and the foregoing notice are fully compliant with Illinois Rules of Evidence 902(8), 902(11), 902(13) and 902(14).

9) Further Affiant Sayeth Not.

//

//

//

//

//

//

//

//

//

//

//

//

//

## SIGNATURE SHEET AND NOTARY

Respectfully Submitted

On this May 6 2022

**ALI BAKHTIARI**
**288 OXFORD AVENUE**
**APT.-9-**
**CLARENDON HILLS, IL 60514**
**TELLEPHONE: +1-636-541-4211**
**EMAIL: ALI.BAKTIAR090@GMAIL.COM**

*APPEARING IN PRO SE*

NOTARY

Signed and sworn before me on this 5/6/ 22, in County of COOK,

State of IL . My commission expires on 1/11/26

Official Seal
Booker Taliaferrio Donelson III
Notary Public State of Illinois
My Commission Expires 1/11/2026

NOTARY PUBLIC

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **ALI BAKHTIARI** )<br>***PLAINTIFF*** )<br> )<br>**V.** )<br> )<br>**INSPIRE BRANDS *ET. AL.*** )<br>***DEFENDANTS*** ) | **CAUSE NO.:** _____ |

## CERTIFICATE OF COMPLIANCE
### CLEAN ELECTRONIC SUBMISSION TO THE COURT AND TO THE PARTIES
### EXHIBIT -2- VIDEO RECORDING (MP4 FILE)

The undersigned, Ali Bakhtiari, plaintiff, in *pro se*, to the best of my memory, knowledge and belief, verify and certify the following:

1) Exhibit -2- is a flash drive (portable memory) containing the mp4 file which is Exhibit-2- to my complaint.

2) Using AVG AntiVirus 2022, I have scanned this memory device thoroughly for malware and virus, and I have assured **it is malware-free and virus-free**.

3) Further Affiant Sayeth Not.

//

//

//

//

//

//

//

//

//

## SIGNATURE SHEET AND NOTARY

Respectfully Submitted

On this May 6th 2022

_____Alize Bakh_____

**ALI BAKHTIARI**
**288 OXFORD AVENUE**
**APT.-9-**
**CLARENDON HILLS, IL 60514**
**TELLEPHONE: +1-636-541-4211**
**EMAIL: ALI.BAKTIAR090@GMAIL.COM**

*APPEARING IN PRO SE*

NOTARY

Signed and sworn before me on this 5/6/22 in County of COOK,

State of IL. My commission expires on 1/11/26

_____
NOTARY PUBLIC

Official Seal
Booker Taliaferrio Donelson III
Notary Public State of Illinois
My Commission Expires 1/11/2026

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **ALI BAKHTIARI** )<br>*PLAINTIFF* )<br> )<br>**V.** )<br> )<br>**INSPIRE BRANDS** *ET. AL.* )<br>*DEFENDANTS* ) | **CAUSE NO.:** _____ |

# <u>EXHIBIT-3-</u>

# <u>TO</u>
# <u>PLAINTIFF'S COMPLAINT</u>





**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ALI BAKHTIARI** | ) | |
| *PLAINTIFF* | ) | |
| | ) | |
| **V.** | ) | <u>**CAUSE NO.:**           </u> |
| | ) | |
| **INSPIRE BRANDS** *ET. AL.* | ) | |
| *DEFENDANTS* | ) | |

# <u>EXHIBIT-4-</u>

# <u>TO</u>
# <u>PLAINTIFF'S COMPLAINT</u>

ALI BAKHTIARI
288 OXFORD AVENUE,
SUITE # 9
CLARENDON HILLS, IL 60514
MOBILE PHONE: 636-541-4211
ALI.BAKTIAR090@GMAIL.COM

DECEMBER 4TH 2021

**NILS H. OKESON, ESQ.**
**GENERAL COUNSEL**
**INSPIRE BRANDS**

**Re: Assault, Dunkin store manager upon the customer, December 4th 2021**
**Request for preservation of evidence**

Dear Attorney Okeson

This morning, on or about 9 AM, Saturday, December 4th 2021, I used Dunkin's mobile phone application and placed an order for a Late, to be picked up curbside, at your store located at **121 W Ogden Ave, Westmont, IL 60559** (please see the credit card entry *enclosed*)

When I arrived, I called the store (630-395-9698) and informed them I was waiting outside at the curbside location. After about 30 minutes no one showed up. I went inside and spoke to a manager (defendant Jane Doe-1) (Caucasian lady, about 5'3" in her late forties or early fifties, about 250 pounds) who adamantly refused to give me her name. She maintained that her store no longer offered curbside pickup. She offered incomprehensible grievances about the application software. I objected and told her that her store was still equipped with curbside pickup signs outside and that the mobile application actually took my order. At this time she became irate, belligerent and verbally abusive. I asked her to check her records for an order for "Ali" and see if I could at least get a Late or a refund.

At this juncture, another Caucasian woman (defendant Jane Doe-2, with exact same characteristics as Jane Doe-1, but wearing glasses and about 150 pounds) approached me from behind and shouted "Get this fucking rag-head out! Get out!" Then she began hitting me. She hit me at least twice in upper body in attempts to shove me. While hitting me she referred to me as a "camel fucker!" "camel jockey!" "Rag-head" "Ali Baba"

I left the premises immediately. I was way too traumatized to even go to the police. Finally, after I was calm, after my intense chest pain somewhat subsided, on or about 12 PM, I called and discussed the matter with a detective at the municipal police of the City of Westmont, Illinois (Sgt. Craig Gomorczak, Badge # 130, Phone: 630-981-6337, Case No. 21-20059). According to the detective, the store staff have agreed to provide the video footage of the incident for inspection and review. The detective's case is still open and under investigation.

I am drafting a complaint to be filed with the US District Court for the Northern District of Illinois, stating claims under the following theories:

- Title VII Civil Rights Act
- Illinois Human Rights Act
- Illinois Civil Rights Act
- Illinois Civil Assault
- Illinois Civil Battery
- Illinois Intentional Infliction of Emotional Distress
- Illinois Negligent Infliction of Emotional Distress
- Negligent supervision
- Negligent retention
- Willful and wanton failure to protect
- Willful and wanton retention and failure to supervise
- Negligent hiring

My defendants are the following:

Inspire Brands, Inc.
Dunkin' Brands, Inc.
Jane Doe-1
Jane Doe-1
Local Franchisee Jane Doe
Local Franchisee John Doe

Please, for the purposes of upcoming litigation, preserve any/all evidence, audio/video recordings, and any/all internal and external correspondence related to this incident. Please construe the term evidence and correspondence as broadly and inclusive as possible.

For your certainty, I ascertained pictures of the customer lobby – place of incident—at this store. The store is equipped with at least **five** cameras with clear view of the incident. Your legal obligation to preserve this video recording cannot be denied.

Thank you for your attention in advance.

Regards

Ali Bakhti

Bakhtiari

CC: File
Enclosures.

DUNKIN'  *Dunkin Donuts*                    *Dining*              *Alireza B. ...2834*                *$4.43*

*Westmont, IL 60559 USA*
*Merchant Website*

*Purchased:*          *Sat, Dec 4, 2021*
*Purchased By:*       *ALIREZA BAKHTIARI*





## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

ALI BAKHTIARI            )
*PLAINTIFF*              )
                         )
V.                       )    <u>CAUSE NO.: _____</u>
                         )
INSPIRE BRANDS *ET. AL.*    )
*DEFENDANTS*          )

# <u>EXHIBIT-5-</u>

# <u>TO</u>
# <u>PLAINTIFF'S COMPLAINT</u>

1/15/22, 2:25 PM                                Gmail - Re: Dunkin' Preservation of Evidence Request

 **Gmail**                                     Ali Bakhtiar <ali.baktiar090@gmail.com>

---

## Re: Dunkin' Preservation of Evidence Request
1 message

---

**Ali Bakhtiar** <ali.baktiar090@gmail.com>                         Mon, Dec 6, 2021 at 8:58 PM
To: "Johnson, Katie" <kjohnson@inspirebrands.com>
Cc: "Peterson, Bridget" <bpeterson@inspirebrands.com>

Dear Counsel,

This evening, I had delivered my request for preservation of evidence to the residence of the president/owner of "The Rajabali Group" -- Mr. Rishad Rajabali. He is also the owner of Westmont Donut,Inc. Mr. Rajabali did not come to the door but his wife was gracious enough to accept the envelope. I am uncomfortable visiting his house or communicating to the defendant in this lawsuit directly. I suspect he has counsel that he works with.

There were two employees who were directly involved in the assaultive incident. I would like to request for preservation of their personnel files, disciplinary record, psychiatric evaluations, training records, criminal background investigative and clearance records, as performed by their employer -- Dunkin/Inspire Brands. Please communicate this request to the local counsel if you know who the legal counsel is.

United States district court for the northern district of Illinois requires the plaintiff to communicate the claims to the defendants prior to filing. This is the good faith communication practice which the courts requires. For this purpose as well, I need to communicate directly to Mr. Rajabali's legal counsel. Please convey the message, if you kindly would.

Thank you for your attention in advance.

Regards

---

Ali Bakhtiar (Mr.)
Mobile: 636-541-4211

---

**From:** Johnson, Katie <kjohnson@InspireBrands.com>
**Sent:** Monday, December 6, 2021, 8:04 AM
**To:** ALI.BAKTIAR090@GMAIL.COM
**Cc:** Peterson, Bridget
**Subject:** Re: Dunkin' Preservation of Evidence Request

Mr. Bakhtiari,

We are in receipt of the attached correspondence. The Dunkin' restaurant where the alleged loss occurred is owned and operated by an independent franchisee, Westmont Donut, Inc.   We have forwarded your letter to the franchise organization.

Thanks,

# KATIE JOHNSON

### LITIGATION SPECIALIST

Office: 678-514-4583

Fax: 888-614-5341

Email: kjohnson@inspirebrands.com

**INSPIRE BRANDS, INC.**

InspireBrands.com

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **ALI BAKHTIARI** )
*PLAINTIFF* )
)
**V.** )
)
**INSPIRE BRANDS** *ET. AL.* )
*DEFENDANTS* ) | **CAUSE NO.:** _____ |

# EXHIBIT-6-

# TO
# PLAINTIFF'S COMPLAINT

ALI BAKHTIARI
288 OXFORD AVENUE,
SUITE # 9
CLARENDON HILLS, IL 60514
MOBILE PHONE: 636-541-4211
ALI.BAKTIAR090@GMAIL.COM

APRIL 25TH 2022

NILS H. OKESON, ESQ.
GENERAL COUNSEL
INSPIRE BRANDS

Re: Assault, Dunkin store manager upon the customer, December 4th 2021
Request for evidence

Dear Attorney Okeson

If you recall, you and I have spoken before on the phone about this incident. As a direct victim of a racially motivated assault by two of your employees (franchisee staff) – Wendy and Cassey – I respectfully ask if you would be willing provide me with a copy of audio footage of the incident and the personnel files for Wendy and Cassey, disciplinary record, psychiatric evaluations, training records, criminal background investigative and clearance records.

Thank you for your attention in advance.

Regards

Bakhtiari

CC: File