UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALI BAKHTIARI, | ) |
| Plaintiff, | ) )  )  No. 22 C 2406 |
| v. | ) )  Judge Sara L. Ellis |
| DOE, et al., | ) ) |
| Defendants. | ) |

## OPINION AND ORDER

Plaintiff Ali Bakhtiari filed this *pro se* lawsuit against Defendants Westmont Donut, Inc. ("Westmont Donut"), Wendy Doe and Cassey Roe (the "Store Managers"), Rishad Rajabali and the Rajabali Group, Inc. (collectively, with Westmont Donut and the Store Managers, the "Westmont Defendants"), Inspire Brands, Inc. ("Inspire Brands"), and Katie Johnson, Nils Okeson, and Bridget Peterson (collectively, the "Individual Inspire Defendants" and together with Inspire Brands, the "Inspire Defendants"). The Inspire Defendants moved to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6), and the Westmont Defendants moved pursuant to Rules 12(b)(1) and 12(b)(6). In its December 13, 2022 Opinion and Order on Defendants' motions to dismiss (the "December 13 Opinion"), the Court dismissed all claims against the Inspire Defendants for lack of personal jurisdiction. Doc. 39. The Court also dismissed all federal claims against the Westmont Defendants but requested more information from Bakhtiari regarding his domicile before it considered his state law claims. Bakhtiari submitted a declaration in response. Based on that declaration, the Court finds it has diversity jurisdiction over Bakhtiari's state law claims.

Bakhtiari alleges battery, assault, and intentional infliction of emotion distress ("IIED") against Cassey; negligent infliction of emotion distress ("NEID") and violation of the Illinois Human Rights Act ("IHRA") against all Westmont Defendants; and negligent hiring, retention, supervision, entrustment, failure to train, failure to direct, and spoliation of evidence against Westmont Donut, Rajabali, and the Rajabali Group. The Court dismisses Bakhtiari's IHRA claim because he has not established exhaustion of administrative requirements. However, the Court denies the Westmont Defendants' motion to dismiss Bakhtiari's remaining state law claims because, to the extent he bases his claims on assault and battery rather than on racial discrimination, the IHRA does not preempt those common law claims.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(1) challenges the Court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The standard of review for a Rule 12(b)(1) motion to dismiss depends on whether the defendant raises a facial or factual challenge. *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015). If a defendant challenges the sufficiency of the allegations regarding subject matter jurisdiction—a facial challenge—the Court "must accept all well-pleaded factual allegations as true and draw all reasonable inferences" in the plaintiff's favor. *Id.* "[W]hen evaluating a facial challenge to subject matter jurisdiction," the Court employs the *Twombly–Iqbal* "plausibility" standard, "which is the same standard used to evaluate facial challenges to claims under Rule 12(b)(6)." *Id.* at 174. If, however, the defendant contests the truth of the jurisdictional allegations—a factual challenge—the Court may look beyond the pleadings and view any competent proof submitted by the parties to determine if the plaintiff has established subject matter jurisdiction by a preponderance of the evidence. *See id.* at 173; *Apex

2

*Digit., Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444–45 (7th Cir. 2009); *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006).

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016). To survive a Rule 12(b)(6) motion, the complaint must assert a facially plausible claim and provide fair notice to the defendant of the claim's basis. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Adams v. City of Indianapolis*, 742 F.3d 720, 728–29 (7th Cir. 2014). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The Court construes Bakhtiari's complaint liberally because he is proceeding *pro se*. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards that formal pleadings drafted by lawyers.'" (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976))).

## ANALYSIS[1]

### I. Subject Matter Jurisdiction

The Westmont Defendants move to dismiss pursuant to Rule 12(b)(1) because they contend that Bakhtiari failed to establish diverse citizenship as required for diversity jurisdiction.

---

[1] The Court has provided the background facts relevant to this case in its December 13 Opinion. Doc. 39 at 2–4. To the extent the Court relies on additional facts from Bakhtiari's declaration, it includes those facts in this analysis section.

*See* 28 U.S.C. § 1332. The Westmont Defendants do not challenge Bakhtiari's alleged amount in controversy, which exceeds $75,000.

Diversity jurisdiction exists in cases where the amount in controversy exceeds $75,000 and the plaintiffs and defendants are citizens of different states. 28 U.S.C. § 1332(a)(1) "The Seventh Circuit has established that '[i]n federal law citizenship means domicile, not residence.'" *24 Hour Fitness USA, Inc. v. Bally Total Fitness Holding Corp.*, No. 08 CV 3853, 2008 WL 4671748, at *3 (N.D. Ill. Oct. 21, 2008) (alteration in original) (quoting *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992)). Courts determine a person's domicile based on their (1) physical presence and (2) intent to remain. *Salem v. Egan*, 803 F. App'x 928, 931 (7th Cir. 2020). More specifically, courts may consider factors including "current residence, location of belongings and personal property, voter registration, driver's license and vehicle registrations, place of employment, presence of family members, and extent of social involvement in the surrounding community, among others." *24 Hour Fitness USA, Inc.*, 2008 WL 4671748, at *3; *see also Schuld v. Thodos*, No. 21-CV-1807, 2022 WL 888870, at *7 (N.D. Ill. Mar. 25, 2022) (listing these and other factors and collecting cases). "Critically . . . after one's domicile is established, it does not change unless that person moves to a different state and, while there, develops the intention to remain indefinitely." *Salem*, 803 F. App'x at 931.

In his complaint, Bakhtiari alleged that he is a "native and a citizen of Iran who lives in the United States in exile" and "a resident in the Eastern Division, Northern District of Illinois." Doc. 1 ¶¶ 2, 4. In his response brief, Bakhtiari indicated that he has Iranian citizenship, or in the alternative, that his domicile is Missouri, as evidenced by his driver's license. *See* Doc. 35-1. A person can only have one domicile at a time. *Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 635

(7th Cir. 2021), *cert. denied*, 142 S. Ct. 776 (2022).  The Court therefore sought clarity regarding Bakhtiari's domicile in order to appropriately assess his state law claims (*i.e.*, whether it may exercise supplemental jurisdiction or must exercise subject matter jurisdiction).  *See* Doc. 39 at 22–23.

Bakhtiari declares that he left Iran, his birthplace, in 2000 to escape religious persecution.[2]  He arrived in the United States in 2002 on a student F1-visa and the United States has permitted him to stay as a lawful resident under the United Nations Convention Against Torture.  From his entry into the United States until 2020, Bakhtiari resided in Missouri.  Bakhtiari attended school, married and divorced his former wife, had his daughter, and established a church in Missouri.  In 2020, Bakhtiari traveled to Chicago to assist biotech firms combatting COVID-19.  He has lived in four locations in Illinois and one in Indiana since 2020.  He currently resides in a condominium on a short-term lease in Riverside, Illinois.  Bakhtiari never intended to reside in Illinois.  His permanent residence for the last ten years has been in St. Charles, Missouri, as reflected by his driver's license.  Bakhtiari intends to return to Missouri to be close to his daughter.

These facts, coupled with those in Bakhtiari's complaint and explanations in his response brief, suffice to establish that Bakhtiari is a Missouri citizen for purposes of diversity jurisdiction.[3]  Although Bakhtiari currently resides in Illinois, residence does not equate to domicile.  *See Salem*, 803 F. App'x at 931 ("[O]ne can reside in one place but be domiciled in another." (quoting *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989)));

---

[2] The Court takes the facts in this paragraph from Bakhtiari's declaration.  *See* Doc. 40.

[3] The Court considers whether Bakhtiari's domicile is Illinois or Missouri.  Although Bakhtiari's complaint indicates Iranian citizenship, he does not press the argument and has lived in the United States as a lawful resident, allegedly in exile from Iran, for over twenty years—suggesting that he neither resides in Iran nor intends to return.  *See Salem*, 803 F. App'x at 930 ("[C]itizenship is determined by domicile and . . . domicile is established by physical presence coupled with an intention to remain.").

*Shea v. Koehler*, No. 12 C 50201, 2019 WL 6001943, at *4 (N.D. Ill. Nov. 14, 2019) ("Presence in a state without intent to remain does not establish domicile."), *aff'd*, 830 F. App'x 781 (7th Cir. 2020); *Rivera v. Premiere Trade Software, LLC*, No. 12 C 06032, 2014 WL 1286568, at *3 (N.D. Ill. Mar. 31, 2014) ("Domicile is a person's legal home . . . not necessarily where that individual lived when the complaint was filed."). Bakhtiari relocated to Illinois for his job, and "[c]ourts have held that a person who resides elsewhere because of his job may nevertheless maintain his previous domicile." *Strabala v. Zhang*, 318 F.R.D. 81, 103–04 (N.D. Ill. 2016) (collecting cases). Bakhtiari's "previous" domicile is Missouri—until his relocation to Illinois, Bakhtiari resided in Missouri for nearly twenty years, where he attended school, obtained a driver's license, got married, had a child, made friends, and joined a church. *See 24 Hour Fitness USA, Inc.*, 2008 WL 4671748, at *5 (explaining that courts consider the "location of an individual's family" central to the domicile analysis and collecting cases). Therefore, for Missouri "to no longer be [Bakhtiari's] domicile, there must be evidence not only that [Bakhtiari] physically resides at a new location but that he does so with the intention to remain there indefinitely." *Strabala*, 318 F.R.D. at 99 (citation omitted) (internal quotation marks omitted) (concluding that "evidence of [plaintiff's] intent to maintain his previously established domicile in Illinois as against his residential status, combined with [plaintiff's] declaration regarding his domiciliary intent, show that [plaintiff] did not relinquish his domicile in Illinois despite his subsequent moves to Houston and then Shanghai"); *24 Hour Fitness USA, Inc.*, 2008 WL 4671748, at *4 (explaining that "[c]ourts have created a presumption that favors an individual's old, established domicile over a newly-acquired one" and collecting cases). Here, Bakhtiari states that his permanent residence is in Missouri, he maintains a Missouri driver's license with the same address, and expresses his intent to return to Missouri. Although courts

6

give statements of intent little weight when they conflict with facts, here, the facts in front of the Court—including his driver's license and the presence of his daughter, friends, and church in Missouri—support Bakhtiari's statement of intent. *See Strabala*, 318 F.R.D. at 102–03 ("Statements of intent are entitled to little weight only if they conflict with the objective facts in the record. . . . Otherwise, the court may choose to give them some or even heavy . . . weight." (second alteration in original) (citation omitted) (internal quotation marks omitted)); *Ziskind v. Fox*, No. 10 C 4102, 2010 WL 3516117, at *3 (N.D. Ill. Sept. 1, 2010) (crediting plaintiff's contention, "supported by her affidavit and attachments," that she remained a Pennsylvania citizen where she alleged that she moved to Illinois for work, lived in apartments with short-term leases, intended to return to Pennsylvania or relocate to Washington D.C., had a valid Pennsylvania driver's license, and voted in Pennsylvania (among other things), despite the fact that she resided in Illinois for over six years and operated her business from Illinois). Moreover, the presumption that favors a person's old domicile tips the scale toward Missouri. *See 24 Hour Fitness USA, Inc.*, 2008 WL 4671748, at *4 (conclusion that previous residence remained plaintiff's domicile "[was] even more pronounced in light of the presumption that favors an individual's old, established domicile over a newly-acquired residence"). Because Bakhtiari's Missouri domicile makes him diverse from the Westmont Defendants—all Illinois citizens—the Court must exercise subject matter jurisdiction over Bakhtiari's state law claims.

## II.    State Law Claims

Bakhtiari alleges that various Westmont Defendants violated the IHRA and state common law. The Westmont Defendants move to dismiss the IHRA claim on the ground that Bakhtiari failed to exhaust administrative requirements. They move to dismiss the common law

claims on the ground that the IHRA preempts them. The Court addresses the IHRA and common law claims in turn.

  A.  **IHRA Claim**

"The IHRA is the exclusive remedy for civil-rights violations." *Nischan v. Stratosphere Quality, LLC*, 865 F.3d 922, 934 (7th Cir. 2017) (citing 775 Ill. Comp. Stat. 5/8–111(D)). It sets forth a "comprehensive scheme of remedies and administrative procedures" to address alleged human rights violations, *Mein v. Masonite Corp.*, 109 Ill. 2d 1, 5 (1985), and has an exhaustion requirement—before a complainant can pursue an IHRA claim in federal court, he must file a charge with the Illinois Department of Human Rights ("IDHR") within 300 days of the alleged civil rights violation, *see* 775 Ill. Comp. Stat. 5/7A–102(A). Then, a complainant may commence a civil action only after (1) the IDHR issues a final report, (2) the IDHR fails to issue a report within 365 days after the complainant files a charge, or (3) the complainant "opts out" of the IDHR investigation by submitting a written request within sixty days of receiving notice that he has the right to opt out (which the IDHR issues ten days after the complainant files a charge). *See Baranowska v. Intertek Testing Servs. NA, Inc.*, No. 19 C 6844, 2020 WL 1701860, at *3 (N.D. Ill. Apr. 8, 2020) (citing 775 Ill. Comp. Stat. 5/7A–102(B), (C-1), (D), (G)). A plaintiff's failure to comply with these exhaustion requirements warrants dismissal of his IHRA claims. *See Smith v. City of Chicago*, No. 18 C 8075, 2021 WL 463235, at *5 (N.D. Ill. Feb. 9, 2021) (citing *Garcia v. Vill. of Mt. Prospect*, 360 F.3d 630, 640 (7th Cir. 2004)), *aff'd sub nom. Smith v. Evans*, No. 20-2556, 2022 WL 205414 (7th Cir. Jan. 24, 2022); *Mayle v. Chi. Park Dist.*, No. 18 C 6211, 2019 WL 2773681, at *5 (N.D. Ill. July 2, 2019) (dismissing IHRA claim because plaintiff "failed to plead any facts that demonstrate whether he pursued the IHRA claim in accordance with the administrative procedures"), *on reconsideration*, No. 18 C 6211, 2019 WL

10817215 (N.D. Ill. Sept. 9, 2019), *and aff'd sub nom. Mayle v. City of Chicago*, 803 F. App'x 31 (7th Cir. 2020).

As discussed in the Court's December 13 Opinion, Bakhtiari does not allege that he notified the IDHR before filing suit. *See* Doc. 39 at 18. In his response to Defendants' motions, Bakhtiari contends that he "timely" filed his claim with the IDHR, citing the provision that requires complainants to file with the IDHR within 300 days after the alleged civil rights violation. Doc. 34 at 13. Even crediting his belated contention in light of his *pro se* status, it does not save Bakhtiari's claim; he has not alleged that the IDHR issued a final report, that it failed to issue a report, or that he intended to opt out of an IDHR investigation. His arguments regarding the purported futility of exhausting the IHRA's requirements fail for the reasons discussed in the Court's December 13 Opinion. *See* Doc. 39 at 18–19. The Court therefore dismisses Bakhtiari's IHRA claim without prejudice for failure to exhaust administrative requirements.[4] *See Smuk v. Specialty Foods Grp., Inc.*, No. 13 C 08282, 2015 WL 135098, at *2 & n.1 (N.D. Ill. Jan. 9, 2015) (collecting cases discussing dismissal without prejudice of IHRA claims for failure to exhaust, even where the plaintiff may not be able to exhaust based on timeliness or other grounds).

### B. State Common Law Claims

The Westmont Defendants contend that the Court should dismiss all common law claims against them because the IHRA preempts them. *See* 775 Ill. Comp. Stat. 5/8–111(D) ("Except as otherwise provided by law, no court of this state shall have jurisdiction over the subject of an alleged civil rights violation other than as set forth in this Act."). Courts have interpreted this

---

[4] Bakhtiari asks the Court to stay his IHRA claim pending the IDHR's decision. Because failure to comply with the IHRA's requirements warrants dismissal, *see Smith*, 2021 WL 463235, at *5, the Court will not exercise its discretion to stay Bakhtiari's IHRA claim, *see Munson v. Butler*, 776 F. App'x 339, 342 (7th Cir. 2019) ("[A] district court has inherent power to exercise its discretion to stay proceedings to avoid unnecessary litigation of the same issues.").

provision to preempt state law claims that are "inextricably linked" to a civil rights violation under the statute. *Maksimovic v. Tsogalis*, 177 Ill. 2d 511, 517 (1997). To proceed with his common law claims, Bakhtiari must establish "a basis for imposing liability on defendants independent of the [IHRA], *i.e.*, without reference to the legal duties created by the Act." *Blount v. Stroud*, 232 Ill. 2d 302, 315 (2009); *see also Nischan*, 865 F.3d at 934. The Seventh Circuit has "emphasized that the preemption test 'rest[s] on an examination of legal duties, not on the factual' overlap between the claims." *Richards v. U.S. Steel*, 869 F.3d 557, 564 (7th Cir. 2017) (citing *Naeem v. McKesson Drug Co.*, 444 F.3d 593, 603 n.4 (7th Cir. 2006)).

Bakhtiari cannot premise his common law claims on racial discrimination—because the IHRA protects against racial discrimination and Bakhtiari predicates his IHRA claim on allegations of racial discrimination, the IHRA would preempt those claims. *See, e.g.*, *Nischan*, 865 F.3d at 934 (the IHRA preempted plaintiff's IIED claim where the alleged extreme and outrageous conduct, sexual harassment and retaliation, also constituted her IHRA civil rights claim); *Naeem*, 444 F.3d at 604 ("[A] claim of [IIED] was preempted by the IHRA when the core of [the plaintiff's] theory was that the plaintiff was a victim of racial harassment." (third alteration in original) (citation omitted) (internal quotation marks omitted)); *Johnson v. Joliet Junior Coll.*, No. 06 C 5086, 2007 WL 1119215, at *2 (N.D. Ill. Apr. 10, 2007) (the IHRA preempted plaintiff's negligent supervision and retention claims predicated on racial slurs and disparate treatment because those claims could not stand independent of the claimed civil rights violation). However, Bakhtiari asserts that he has not based his common law claims on violations of the IHRA, instead contending that his claims rest on his assault and battery allegations, and the allegedly improper behavior of the Store Managers more generally. The Westmont Defendants do not address Bakhtiari's argument; instead, they reiterate in their reply

10

that because Bakhtiari incorporates the same facts and allegations in support of his common law claims as he does in support of his IHRA claim, the claims are "inextricably linked." Doc. 36 at 13.

The Court disagrees with the Westmont Defendants. Although Bakhtiari incorporates most of his allegations into his common law claims, including allegations relating to racial discrimination, "the proper inquiry [is] not whether the facts that support [Bakhtiari's common law] claim[s] could also have supported a discrimination claim, but instead whether [Bakhtiari] can prove the elements of [his common law claims] independent of legal duties furnished by the IHRA." *Naeem*, 444 F.3d at 604; *see also Fuesting v. Uline, Inc.*, 30 F. Supp. 3d 739, 744 (N.D. Ill. 2014) ("This test does not turn on whether the facts of the case contain allegations of . . . [a] civil rights violation." (citation omitted) (internal quotation marks omitted)); *Demar v. Chi. White Sox*, No. 05 C 5093, 2006 WL 200640, at *2 (N.D. Ill. Jan. 18, 2006) (the IHRA did not preempt plaintiff's assault and battery claims, which could "stand in [their] own right[] without any invocation of the . . . duties under the IHRA"). Bakhtiari can prove the elements of assault and battery without reference to any legal duties furnished by the IHRA as assault and battery "are torts fully independent from the legal duties arising under the IHRA." *Knowles v. Henkels & McCoy Inc.*, No. 20-CV-3113, 2021 WL 4499492, at *1 (N.D. Ill. Jan. 5, 2021); *Maksimovic*, 177 Ill. 2d at 517 ("[Assault and battery] are long-recognized tort actions which exist wholly separate and apart from a cause of action . . . under the [IHRA]. To the extent that the plaintiff has alleged the elements of [assault and battery] without reference to legal duties created by the [IHRA], she has established a basis for imposing liability on the defendants independent of the [IHRA]."). The same result applies to Bakhtiari's negligent spoliation claim, which, if he can establish the required elements of negligence, Bakhtiari can prove without any reference to legal

11

duties arising under the IHRA. *See A.J. v. Butler Ill. Sch. Dist. 53*, No. 17 C 2849, 2018 WL 1469005, at *11 (N.D. Ill. Mar. 26, 2018) ("To assert a spoliation claim, a plaintiff must allege that (1) the defendant possessed a duty to preserve evidence, (2) the defendant breached that duty, (3) an injury from the breach, and (4) damages."). As to his other common law claims, construing Bakhtiari's complaint liberally, he bases each claim in part on Cassey's alleged assault and battery. *See, e.g.*, Doc. 1 ¶¶ 91, 98, 105, 113, 121, 129, 137, 145 (incorporating allegations relating to battery into common law claims); *id.* ¶ 106 (alleging, in support of negligent hiring claim, that Store Managers behaved violently); *id.* ¶ 122 (alleging, in support of negligent supervision claim, that Store Managers exhibited "traits of thug-like and abusive behaviors" and that workplace violence regularly goes unaddressed). Although Bakhtiari may not ultimately succeed in proving his claims, the IHRA does not preempt Bakhtiari's common law claims to the extent they rest on his assault or battery claims.[5] *See Bianca v. Univ. of Illinois*, 513 F. Supp. 3d 983, 993 (N.D. Ill. 2021) (the IHRA did not preempt plaintiff's IIED claim where plaintiff based her IIED claim in part on incidents of battery, reasoning that "the duty imposed by the tort of battery . . . remains independent of those duties arising from the IHRA"); *Knowles*, 2021 WL 4499492, at *1 (finding that the IHRA did not preempt negligent supervision, training, or retention claims to the extent plaintiff premised those claims on alleged assault and battery and collecting cases); *Fuesting*, 30 F. Supp. 3d at 745–46 (the IHRA did not preempt claims for negligent hiring, supervision, or retention to the extent plaintiff based the claims on assault and battery claims, noting that "the duty to train and supervise employees so as

---

[5] As discussed *supra*, the IHRA does preempt Bakhtiari's common law claims, including his assault and battery claims, to the extent he premises them on racial discrimination. *See Demar*, 2006 WL 200640, at *2 (explaining that the IHRA did not preempt plaintiff's negligence and negligent infliction of emotional distress claims to the extent he premised them on assault and battery, but did preempt them to the extent he premised them on his accommodation claim). Therefore, Bakhtiari may not argue that the Westmont Defendants committed common law torts based on allegedly discriminatory comments or actions the Store Managers took against Bakhtiari.

to avoid battery and assault does not depend on the IHRA"); *Sparancino v. Rockford Health Sys.*, No. 06 C 50204, 2007 WL 9819200, at *3 (N.D. Ill. June 25, 2007) (the IHRA did not preempt plaintiff's claims for negligent retention or supervision because her claims included an allegation that defendant had a duty to protect her from battery, which "exists independent of any duties created by the IHRA"); *Demar*, 2006 WL 200640, at *2 ("[T]he negligence and negligent infliction of emotional distress claims . . . would not be preempted to the extent that they are based upon the physical removal of [plaintiff] from the seating area and the transport of him to the hospital."); *cf. Johnson*, 2007 WL 1119215, at *2 (the IHRA preempted plaintiff's negligent supervision and retention claims where plaintiff "assert[ed] no additional, independent facts to establish the elements of negligent supervision and retention beyond the facts supporting the racial discrimination and retaliation claim"). Because the Westmont Defendants do not move to dismiss Bakhtiari's common law claims on any basis other than preemption, the Court denies their motion to dismiss Bakhtiari's state common law claims. *See Fuesting*, 30 F. Supp. 3d at 745 (denying motion to dismiss where plaintiffs based their common law claims on independent duties and the defendant did not argue "that plaintiffs are unable to establish the elements of an independent tort").

## CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part the Westmont Defendants' motion to dismiss as it relates to Bakhtiari's state law claims [29]. The Court dismisses Bakhtiari's IHRA claim. Bakhtiari's state common law claims may proceed to the extent he does not base them on racial discrimination.

Dated: January 25, 2023

_____
SARA L. ELLIS
United States District Judge